SNYDER, Extrx., Plaintiff-Appellee, v. SNYDER, Defendant-Appellee, and MILLIKIN, Defendant-Appellant.

Ohio Appeals, Second District, Darke County.

No. 674. Decided November 12, 1949.

Martin D. Pluess, Greenville, for plaintiff-appellee and for defendant-appellee.

Wilbur D. Spidel, Hugh A. Staley, Greenville, for defendant-appellant.

## OPINION

By MILLER, PJ.:
This is a law appeal from a judgment of the Court of Common Pleas of Darke County, Ohio. The action was one for the construction and interpretation of the will of William O. Millikin. The controversy arises over certain language used in Item III of the will which provides:

"By reason of my physical infirmity and at my request my daughter, Ermal M. Snyder, and her family gave up their home in the City of Dayton and moved into my home with their household goods on or about August 24, 1943 in order that my said daughter could more fully provide for me the care which I need by reason of my infirmity and by reason thereof and in appreciation thereof, I give, devise and bequeath to my said daughter, Ermal M. Snyder, my farm consisting of ninety-five acres more or less and located in Section 14, Township 8 North, Range 3 East, Twin Township, Darke County, Ohio, to be hers absolutely and forever, subject however to

the following charge which she shall pay to my grandson Raymond L. Millikin, that is to say: It is my direction and will that at my decease said farm shall be appraised by the appraisers named by the Court to appraise my estate and the charge to be held against said farm so bequeathed to my daughter and to be paid by her shall be the one-half of said appraised value, but reduced and diminished by five per cent of the full appraised value of said farm for each year during which my daughter and her family provide the care for me as above set forth * * *"

The question raised by the appellant is whether the testator meant that the charge is to be diminished by five per cent of the appraised value of the farm or was the value of the farm to be diminished by five per cent before the charge was to be determined.

The record discloses that at the time of the making of this will and continuously thereafter until his death the testator was by reason of physical infirmity unable to care for himself; that his daughter, Ermal M. Snyder, in order to care for her father, gave up her home in the City of Dayton, Ohio, and moved her family into her father's home; that the defendant-appellant Raymond L. Millikin is the grandson of the testator and the only other heir. If there is no ambiguity in the said Item III it will not be necessary for us to examine the remainder of the will in order to ascertain the intent of the testator, nothing being in conflict with Item III. The trial court found that said Item III was not ambiguous and that the true meaning as gleaned from the entire will is that the plaintiff Ermal M. Snyder be paid for providing for the care of testator by paying to the defendant Raymond L. Millikin one-half of the appraised value of the real estate described in Item III, said payment to be diminished by five per cent of the full appraised value of said real estate, during each year she provided for him.

Counsel for the appellant urges that by such a construction the will does not make him equal with Ermal M. Snyder in the value of the farm. We agree with counsel on this proposition but that must have been the intention of the testator. The principle, "Equality is equity" has no application in the construction of wills where a contrary intent on the part of the testator is clearly manifested. The effect of the construction cannot be considered when the intention is clearly expressed. Counsel for the appellant urges that Ermal M. Snyder as executrix, filed certain schedules

in the Probate Court which show that she construed the will in accordance with appellant's claim made in this action. This the appellee denies, but even if it were true, it could not change the intent of the testator as expressed in the will. Rules of construction are for the purpose of determining testator's intention, and if that intention is clear and manifest it must control, regardless of all rules of construction. It is not the purpose of construction to substitute the will of another for the will of the testator nor to make a new will for him but to ascertain his intention. Thompson on Wills, 3d Edition, Sec. 210, page 321.

The record discloses that the farm was appraised at $27,500.00 and five per cent of this amount would be $1,375.00 which the appellee would receive for each year for her services. This amount seems quite moderate and had an allowance of ten per cent been made it certainly would not have been excessive. Therefore the testator may have had in mind that by the terms of the will she was only receiving one-half the value of her services and the other half being charged against appellant. We are therefore of the opinion that the trial court properly interpreted the will and the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.